ORDER
FORDHAM, JUDGE:
An application of the claimant, David Shayne Rayner, for an award under the West Virginia Crime Victims Compensation Act, was filed August 18,2003. The report of the Claim Investigator, filed January 2,2004, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on March 5,2004, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed March 24,2004. This matter came on for hearing June 18, 2008, the claimant by counsel, Andrew K. Chafin, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
At the hearing, the parties agreed to submit the claim based on the record before the Court. The claimant seeks to recover funeral and ambulance expenses on behalf of his father, Vernon David Rayner Jr., who was tragically killed on January 2,2003, at the *362 age of fifty-eight. The events leading to the victim’s death occurred at the Valley Motel in Burlington, Mineral County. When the victim arrived at Donald Tillotson’s motel room at approximately 7:30 p.m., Eric Wayne Braithwaite, the offender, asked the victim if he brought money or beer with him. The victim responded, “You’re a working man,” and proceeded to open the refrigerator door. The offender jumped up and slammed the refrigerator door shut. Then, the victim and the offender exchanged words, and the victim punched the offender in the mouth. The men proceeded to fight in the parking lot of the motel. The offender knocked the victim to the ground and hit and kicked him. Despite the attempts of Julie Jo Braithwaite and Donald Tillotson Jr. to stop him, the offender continued to strike the victim.
Harry Braithwaite reported the incident to law-enforcement officials on the day of the incident. When the offender realized that the victim had no pulse and had stopped breathing, he called 911. At 8:36 p.m., the victim was pronounced dead at the scene. The autopsy report indicated that the victim died of a massive intra-abdominal hemorrhage, and his death was ruled a homicide.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
At the hearing, the parties stipulated that the claimant’s award should be reduced by twenty percent (20%) based on the contributory misconduct of the victim. The Court agrees that the offender used excessive force in self-defense. However, the Court cannot ignore the fact that the victim was the primary aggressor during this altercation. Thus, the Court has determined that the claimant’s award should be reduced by thirty percent (30%) based on the victim’s contributory misconduct.
The Claim Investigator is hereby directed to prepare an economic loss analysis to ascertain the claimant’s unreimbursed allowable expenses relating to the incident for further review by this Court.